On writ of certiorari (368 U.S. 816) to review the action of the United States Court of Claims in bolding (among other things) that legal expenses incurred by the taxpayer in connection with his divorce were deductible as expenses for the production and conservation of income since defeat of his claims in the divorce proceeding would have resulted in taxpayer’s losing his controlling stock interests, his corporate positions, and the possibility that his General Motors’ dealer franchises would be cancelled, the Supreme Court reversed, holding that none of the expenditures incurred in resisting his former wife’s claims were deductible by the taxpayer under section 23(a)(2) of the Internal Revenue Code of 1939, since the controlling basic test of whether or not the expense was business or personal is the origin and character of the wife’s claims rather than their possible consequences upon the fortunes of the taxpayer, and that, since the wife’s claims stemmed entirely from the marital relationship and not from income-producing activity, the expenditures in resisting her claims were not deductible business expenses. Several other issues involving deficiency assessments for the years 1953, 1954 and 1955, decided by the Court of Claims, were not raised in the petition for certiorari.